IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID THOMAS HUGHES, | § | |
| | § | |
| Defendant/Movant, | § | |
| | § | |
| V. | § | CIVIL ACTION  NO. H-07-3023 |
| | § | CRIMINAL ACTION NO. H-04-441-3 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| DAVID THOMAS HUGHES, | § | |
| | § | |
| Defendant/Movant, | § | |
| | § | CRIMINAL ACTION NOS. H-05-240-1; |
| V. | § | H-05-251-1; H-06-086-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | CIVIL ACTION NOS. H-07-3024; |
| | § | H-07-3025; H-07-3026 |
| Plaintiff/Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING UNITED STATES' MOTIONS FOR SUMMARY JUDGMENT**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver; and alternatively, Response and Motion for Dismissal (Document Nos. 181 & 182 in Criminal Action No. H-04-441-3), and Movant David Thomas Hughes' four 28 U.S.C. § 2255 Motions to Vacate, Set Aside or Correct Sentence (Document No. 171 in Criminal Action No. H-04-441-3; Document Nos. 79 & 80  in Criminal Action No. H-05-240-1; Document No. 29 in Criminal Action No. H-05-251-1; Document No. 26 in Criminal Action No. H-06-862).  Having considered the Motions to Vacate, Set Aside or Correct Sentence, the United States' consolidated Motion for Summary Judgment, the record of the

proceedings before the District Court in the underlying criminal cases, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion for Summary Judgment be GRANTED, that Movant Hughes' § 2255 Motions to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.     Procedural History**

Movant David Thomas Hughes ("Hughes"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Hughes' first attempt at relief under § 2255.

On November 22, 2004, Hughes was charged in a Superseding Indictment with aiding and abetting bank burglary, in violation of 18 U.S.C. §§ 2, 2113(a) (Document No. 35 in Criminal Action No. H-04-441). On June 1, 2005, Hughes was then charged by Indictment in Criminal Action No. H-05-240, with another count of aiding and abetting bank burglary, in violation of 18 U.S.C. §§ 2, 2113(a) (Document No. 1 in Criminal Action No. H-05-240). Two other criminal cases that were pending against Hughes in other districts were transferred here on June 9, 2005, and March 3, 2006. Hughes was charged in those two criminal cases with making a false statement on a passport application and perjury, in violation of 18 U.S.C. §§ 1542, 1621 (Document No. 1 in Criminal Action No. H-05-251), and three other bank burglaries that occurred in the Western District of Texas, in violation of 18 U.S.C. § 2113(b) (Document No. 1 in Criminal Action No. H-06-86). All four cases were consolidated, and on March 24, 2006, pursuant to a written plea agreement, Hughes pled guilty to burglarizing the Texas First Bank on or about August 20, 2004 (count one in H-04-CR-441), burglarizing the Woodforest Bank on or about March 29, 2003 (count one in H-05-CR-240); making

a false statement on a passport application (count one in H-05-CR-251), and burglarizing three banks in the Western District of Texas on or about August 6-8, 2004 (count one in H-06-CR-086). Thereafter, following the preparation of a consolidated Presentence Investigation Report ("PSR"), to which Hughes filed Objections, Hughes was sentenced on September 8, 2006, to 240 months confinement in Criminal Action No. H-04-441, to be followed by a three year term of supervised release, and restitution in the amount of $279,092.51; 240 months confinement in Criminal Action No. H-05-240, to be followed by a three year term of supervised release, and restitution in the amount of $259,699.99; and 240 months confinement in Criminal Action No. H-06-86, to be followed by a three year term of supervised release, and restitution in the amount of $189,933.31. The terms of imprisonment and supervised release in Criminal Action Nos. H-04-441, 05-240 and 06-086 were all ordered to run concurrent. Hughes was additionally sentenced, in Criminal Action No. H-05-251, to 48 months confinement, which was to be served consecutive to the sentences in the three other cases, and a three year term of supervised release, which was to be served concurrent with the terms of supervised release ordered in the three other cases. Judgments of Conviction were entered in each case on September 22, 2006.

Hughes did not appeal, but did, through counsel, file a timely § 2255 Motion to Vacate, Set Aside or Correct Sentence in each of the four cases. The Government, in response, filed a consolidated Motion for Summary Judgment Pursuant to Defendant's Plea Agreement Waiver; and alternatively, a Response and Motion for Dismissal. Hughes has not filed any response in opposition. Hughes' § 2255 motions are ripe for ruling.

**II.    Claims**

Hughes alleges in each of his § 2255 motions that his trial counsel was ineffective at sentencing for: (1) failing to file meaningful objections to the PSR; (2) failing to object to the combined offense level calculation; (3) failing to object to the criminal history calculation; (4) failing to object to the recommendation in the PSR that an upward departure was warranted; (5) failing to object to the lack of notice of a possible upward departure; and (6) failing to object to, or argue against, the District Court's upward departure based on uncharged criminal conduct.

The Government argues in its Motion for Summary Judgment that dismissal of Hughes' § 2255 Motions to Vacate, Set Aside or Correct Sentence is warranted because the record shows that Hughes entered a knowing and voluntary guilty plea, and in connection therewith, knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this. In addition, and in the alternative, the Government argues that no relief is available to Hughes on the merits of any of his claims.

**III. Discussion – Waiver**

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the

4

validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *cert. denied*, 546 U.S. 962 (2005).

In this case, the record shows that Hughes entered into a Plea Agreement with the Government, in which he waived his right to appeal, and waived his right to seek relief under 28 U.S.C. § 2255. The Plea Agreement provided as follows:

**Waiver of Appeal**

9. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742. Additionally, the defendant is aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to proceedings authorized by 28 U.S.C. §§ 1651 or 2255.

10. In exchange for this Agreement with the United States, the defendant waives all defenses based in venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed, in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.

11. In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the *Sentencing Guidelines* that he may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not biding on the United States, the Probation Office, or the Court. The United States does not make any promise

or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the *Sentencing Guidelines* are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, the defendant understands that, although the Court must consult the *Sentencing Guidelines* and must take them into account when sentencing him, the Court is bound neither to follow the *Sentencing Guidelines* nor to sentence the defendant within the guideline range calculated by use of the *Sentencing Guidelines*.

      12.    The defendant understands and agrees that each and all of his waivers contained in this Agreement are made in exchange for the corresponding concessions and undertakings to which this Agreement binds the United States.

(Document No. 105 in Criminal Action No. H-04-441). Hughes signed and swore to the terms of the Plea Agreement. In addition, as an addendum to the Plea Agreement, Hughes represented as follows:

> I have consulted with my attorney and fully understand all my rights with respect to the charges pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of the Agreement with my attorney. I understand the Agreement, and I voluntarily agree to its terms.

*Id.*

Thereafter, at his Rearraignment on March 24, 2006, the Court, after making sure that Hughes had read the Plea Agreement and had conferred with his attorney about the contents of the Plea Agreement, carefully advised Hughes of the consequences of his plea, including the sentence he faced, and questioned Hughes about the waiver provisions in the Plea Agreement:

> THE COURT: All right. Then there's a waiver of appeal down here on Paragraph 9. It states that you agree to waive the right to appeal the sentence imposed or the manner in which it's determined on any grounds set forth in 18 U.S. Code, Section 3742. You understand that you're giving up your right to appeal the sentence in these cases to a higher court; therefore, if I make a mistake, you have to live with that?
>
> THE DEFENDANT: Yes, sir, I understand.

> THE COURT: All right. Then next it states that you're aware of 28 U.S. Code, Section 2255, for which you have a right to contest or collaterally attack a conviction or sentence. And it states that you waive your right to do that. You understand, though, what that means?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So, for example, after this case has been concluded, you plead guilty, if I accept your pleas, you're sentenced. You're sent to prison. The judgment is all final. Sometimes a prisoner then will start a new case, come back and file a new suit, challenge this proceeding, contending that there was some violation of his Constitutional right or something like that. Sometimes they turn against their own lawyer. And what this is saying is that you're not going to do that. Is that correct?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: That's your agreement?
>
> THE DEFENDANT: Yes, sir.

Rearraignment Transcript (Document No. 177 in Criminal Action No. H004-441) at 11-12. Thereafter, following a lengthy discussion with Hughes about the offenses to which he was pleading guilty, the maximum sentences he faced, and the factual basis for the charges and his guilty pleas, the Court determined that Hughes' guilty pleas, and his waivers of his right to appeal and collaterally attack his conviction and/or sentence, were all knowing and voluntary. *Id.* at 34.

Hughes' plea agreement waivers of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable. Hughes has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary. In addition, Hughes has not asserted any ineffectiveness claims which have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein. The record shows that Hughes affirmed having read the entire Plea Agreement and having discussed its contents with counsel. In addition, Hughes affirmed that the Plea Agreement contained the entirety of his agreement with the

7

Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise.

Based on Hughes' statements on the record, which carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 73 (1977), and the substantial record which shows that Hughes' guilty pleas and the waivers of his right to file a § 2255 proceeding were knowing and voluntary, the Government is entitled to summary judgment on Hughes' claims pursuant to Hughes' plea agreement waiver.[1]  *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Davila*, 258 F.3d at 451-52; *United States v. Nguyen*, 2005 WL 14909 (E.D. La. 2005), *Morua v. United States*, 2005 WL 1745474 (S.D. Tex. 2005) (Hittner, J.).  This § 2255 proceeding is, consequently, subject to dismissal.

V.  **Conclusion and Recommendation**

Based on the foregoing and the conclusion that there is no genuine issue of material fact as to the knowing and voluntary nature of Hughes' guilty pleas and his waivers of his right to collaterally attack his convictions, the Magistrate Judge

RECOMMENDS that the United States' consolidated Motion for Summary Judgment (Document No. 182 in Criminal Action No. H-04-441) be GRANTED, that Movant David Thomas

---

[1] Under Rule 12 of the Rules governing § 2255 motions, the Federal Rules of Civil Procedure, including Rule 56, which provides for summary judgment, are generally applicable.  Under Rule 56(c), summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Here, because the evidence in the record demonstrates that Hughes' pleas were knowing and voluntary, there is no genuine issue of material fact relative to the validity of Hughes' guilty pleas or his waivers attendant thereto.  Summary judgment is therefore warranted on Hughes' plea agreement waivers.

Hughes' 28 U.S.C. § 2255 Motions to Vacate, Set Aside or Correct Sentence (Document No. 171 in Criminal Action No. H-04-441; Document Nos. 79 & 80 in Criminal Action No. H-05-240; Document No. 29 in Criminal Action No. H-05-251; Document No. 26 in Criminal Action No. H-06-086) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 5th day of May, 2008.

Frances H. Stacy
United States Magistrate Judge